UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DR. RAEVON PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-01763-SRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### Memorandum and Order

In December 2025, Dr. Raevon Parker, a self-represented pretrial detainee, filed a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, doc. 1, an Application to Proceed in District Court Without Prepaying Fees or Costs, doc. 2, a Motion for Leave to Request the Legalization of Cocaine and Memorandum in Support, doc. 3, and a Motion for Leave to Request Saturdays as a Law Day for Incarcerated Individuals, doc. 4.  Before this case proceeds, the Court must address several defects in Parker's filings.

## I.    Filing fee

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding.  28 U.S.C. § 1914.  Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay.  28 U.S.C. § 1915(a)(1).  When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating an inability to pay.  28 U.S.C. § 1915(a)(1).  In addition to the standard i*n forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate-account statement for the "6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account.  28 U.S.C. § 1915(b)(1).  After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until the prisoner litigant pays the fee in full.  28 U.S.C. § 1915(b)(2).  "The agency having custody of the prisoner shall forward payments from the prisoner's account to the [C]lerk of the [C]ourt each time the amount in the account exceeds $10 until the filing fees are paid."  *Id*.

Parker filed a handwritten, self-formatted motion to proceed *in forma pauperis* with no certified copy of his inmate-account statement.  *See* doc. 2.  Local Rule 2.06(A) requires that "self-represented plaintiffs" file "[a]ll actions" on "Court-provided forms where applicable." E.D.Mo. L.R. 2.06(A).  And when a plaintiff provides an incomplete financial picture, it paralyzes a court's ability to properly determine his *in forma pauperis* status.  *See Hobson v. Schmitt*, No. 4:23-cv-00781-SRC, 2023 WL 4234550, at *3 (E.D. Mo. June 28, 2023). Therefore, the Court orders Parker to, no later than June 18, 2026, either (i) pay the full $405 filing fee or (ii) file a renewed *in forma pauperis* application on the Court-provided form and provide a certified inmate-account statement, each compliant with the requirements of both section 1915(a) and Local Rule 2.05.

## II.    Complaint

Parker also initiated this action on a handwritten, self-formatted complaint.  *See* doc. 1. Because Parker did not use the Court's standard prisoner civil-rights complaint form, the Court orders Parker to, no later than June 18, 2026, file an amended complaint on the Court-provided form.  *See* E.D.Mo. L.R. 2.06(A).  The Court reminds Parker that "an amended complaint

2

supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

## III.   Remaining motions

Parker's remaining motions, docs. 3, 4, are frivolous and warrant summary denial. Parker first asks the Court to legalize cocaine.  The Court possesses no authority to rewrite the United States Code.  *See Edison Bros. Stores v. Broad. Music, Inc.*, 954 F.2d 1419, 1424 (8th Cir. 1992) ("This Court is not a legislative body, and it has no authority to rewrite [a] statute."). Parker next moves the Court to designate Saturdays as a "Law Day" for incarcerated individuals. Doc. 4.  While prisoners have a constitutional right to access the courts, they are not entitled to particular scheduling arrangements or designated study days.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that the constitutional right of access to the courts does not guarantee any particular level of library access).  The Court therefore denies both motions.  Docs. 3, 4.

## IV.   Conclusion

Accordingly, the Court denies, without prejudice, Parker's [2] Application to Proceed in District Court Without Prepaying Fees or Costs.  Parker must, no later than June 18, 2026, either (i) pay the full $405 filing fee or (ii) file a renewed *in forma pauperis* application on the Court-provided form and provide a certified inmate-account statement.  The Court further orders Parker to file, no later than June 18, 2026, an amended complaint on the Court-provided form.  The Court denies as frivolous Parker's [3] Motion for Leave to Request the Legalization of Cocaine and [4] Motion for Leave to Request Saturdays as a Law Day for Incarcerated Individuals.

The Court directs the Clerk of Court to mail Parker the Court's standard application to proceed in district court without prepaying fees or costs and the Court's standard prisoner civil-

rights complaint form.  Parker's failure to comply with this order may result in the dismissal of this case without prejudice and without further notice.

So ordered this 4th day of May 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

4